UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL REYES,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:19-cv-00155-EPG<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSANT TO 42 U.S.C. § 406(B)<br><br>(ECF No. 19)<br><br>ORDER FOR CLERK TO MAIL A COPY OF THIS ORDER TO PLAINTIFF |

Plaintiff's counsel, Jonathan O. Peña, moves for an award of attorney's fees for his representation in this case. (ECF No. 19). The motion indicates that counsel served Plaintiff with a copy of the motion by mail.[1] (*Id.* at 9). Further, the motion notifies Plaintiff of the right to object to the requested fee within fourteen days of service of the motion. (*Id.* at 1). Plaintiff has not filed any objections or statement concerning the motion. The Commissioner filed a response taking no position on the reasonableness of counsel's request. (ECF No. 20).

For the reasons set forth below, the motion for attorney's fees is GRANTED in the amount of $11,973.13, subject to an offset of $2,420.00 in fees already awarded pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on November 20, 2019, (ECF No. 18).

---

[1] The motion states that "Plaintiff will be served" by mail with a copy of the motion. (*Id.* at 9). The Court will presume that counsel did in fact serve Plaintiff. However, if, for whatever reason, counsel failed to serve Plaintiff, counsel is directed to submit a notice filing immediately alerting the Court upon receipt of this order.

1

## I. BACKGROUND

On February 4, 2019, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying Plaintiff's claim for disability insurance and supplemental security income benefits for lack of disability under the Social Security Act. (ECF No. 1). On August 22, 2019, the parties stipulated to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g), which the Court granted. (ECF Nos. 14, 15).

Following the remand, the presiding administrative law judge issued a favorable decision awarding Plaintiff benefits. (ECF No. 19, at 3; *see* ECF No. 19-1). In a letter dated April 25, 2021, the Commissioner informed Plaintiff that $21,973.13 was being withheld to use to compensate counsel. (ECF No. 19-1, at 3). This amount represents 25% of Plaintiff's total past-due benefits, indicating that Plaintiff's past-due benefits are $87,892.52.[2]

On April 28, 2021, counsel filed this motion for attorney's fees in the amount of $11,973.13, with an offset of $2,420.00 for EAJA fees already awarded. (ECF No. 18). The Commissioner filed a response to the motion on May 3, 2021, taking no position on the reasonableness of the requested fee award but providing an analysis of the requested fees. (ECF No. 20).

## II. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation*, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

///

---

[2] As ordered (ECF No. 21) by the Court, Plaintiff and the Commissioner filed a joint statement setting forth the total amount of past-due benefits, "confirm[ing] the total past-due benefits awarded to the Plaintiff is $87,892.52." (ECF No. 22, at 2).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) attorney fees award is not paid by the government, the Commissioner has standing to challenge the award. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under § 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (noting that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-

3

contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, Plaintiff signed a fee agreement, stating as follows: "I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won." (ECF No. 19-2, p. 1).

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which includes an award of benefits. Plaintiff's counsel represents that "15.6 [hours] of federal court legal services" were spent representing Plaintiff in this matter. (ECF No. 19, p. 5). This time resulted in the Commissioner agreeing to a remand, which led to an award of benefits to Plaintiff. There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Counsel's requested award of $11,973.13 for 15.6 hours of legal services, results in an approximate hourly rate of $767.51. The Ninth Circuit has found similar and higher effective hourly rates reasonable in social security contingency fee arrangements. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part). And as a different court in this district recently noted, even higher effective hourly rates have been approved:

> [S]ince *Gisbrecht*, courts note that reducing a fee request is dicey business and find fee awards of an effective hourly rate much higher than this to be reasonable. *Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per hour); *Coles v. Berryhill*, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services); *see also Villa v. Astrue*, No. CIVS-060846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.")

4

*Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24, at 5 (E.D. Cal. March 19, 2020).

Further, the requested attorney's fees award of $11,973.13 is approximately 13.5% of the past-due benefits (and thus does not exceed 25% of past-due benefits) and it is not excessive in relation to the past-due benefits awarded.[3] *See generally Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting § 406(b) attorney fees in the amount of $24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting § 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting § 406(b) attorney fees in the amount of $20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-0490 LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011), *report and recommendation adopted sub nom. Jamieson v. Comm'r of Soc. Sec.*, 2011 WL 841363 (E.D. Cal. Mar. 4, 2011) (recommending an award of § 406(b) attorney fees in the amount of $34,500).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action fails. *Id.* Here, Plaintiff's counsel accepted the risk of loss in representing Plaintiff throughout this matter, Plaintiff agreed to the contingent fee, and counsel successfully secured a remand and ultimately an award of substantial benefits to Plaintiff.

///

---

[3] The fee motion states that "[c]ounsel intends to file a fee petition for work done before the agency in an amount equal to $10,000.00. The 406(a) and 406(b) petitions do not exceed 25% of the Plaintiff's backpay." (ECF No. 19, p. 6). Because "[s]ection 406(a) grants the Social Security Administration exclusive jurisdiction to award attorney's fees for representation of a Social Security claimant in proceedings before the Administration," the Court takes no position on counsel's intention to seek fees for work performed at the agency level. *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008). Likewise, the Court need not address counsel's claim that the combined § 406(a)-(b) fees will not exceed 25% of Plaintiff's past-due benefits. *Id.* at 1218 ("We hold that the plain text of 42 U.S.C. § 406(b) limits only the amount of attorney's fees awarded under § 406(b), not the combined fees awarded under § 406(a) and § 406(b), to 25% of the claimant's past-due benefits.").

An award of attorney fees pursuant to § 406(b) in the amount of $11,973.13 is thus appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Counsel was previously awarded $2,420.00 in fees pursuant to the EAJA; as such, the § 406(b) award will be offset by $2,420.00.

### III. CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the attorney's fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $11,973.13 (ECF No. 19) is GRANTED;

2. Plaintiff's counsel is ordered to reimburse Plaintiff $2,420.00 of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d); and

3. The Clerk of the Court is respectfully directed to serve a copy of this order on Miguel Reyes, Jr., 10045 Camino Ramon, Hanford, CA 93230.

IT IS SO ORDERED.

Dated: **June 2, 2021**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE